PER CURIAM:
Claimant Martha Thaxton and Charles Hancock are the parents of six children. In late 1975 and 1976, claimant Martha Thaxton, Charles Hancock, and the children were residing with Dora Dunn, the children's grandmother. In December 1975, Charles Hancock left the home. The claimant also moved from the home, at that time, and left the children temporarily in the custody of their grandmother. On February 18, 1976, temporary custody of the children was awarded by Order of the Juvenile Court of Raleigh County to the Department of Welfare now known as the Department of Human Services, the respondent herein. Subsequently, in October 1976, Joseph Hancock, then 13 years old, was returned to Dora Dunn's home by one of the houseparents at the Beckley Child Care Center where he had been staying. On November 4, 1976, an uncle of the child, Philip Dunn, shot and killed Joseph Hancock. Philip Dunn resided next door to Dora Dunn. Claimant alleges that respondent breached its duty to safeguard her son from foreseeable dangers and hazards to his health, safety, and well-being. She also alleges that the respondent breached its duty to Joseph Hancock by placing him in the home of his grandmother where he had been previously threatened and assaulted by Philip Dunn. Claimant seeks $20,000.00.
Joseph Hancock was placed at the Beckley Child Care Center from February 18, 1976 to October 1976. He was unable to adjust to the center and had disagreements with the houseparents. At one point, he had run away to the grandmother's home. It was at Joseph's request that he was returned to the home of Dora Dunn. Esther Motley, Social Service Worker II, attained assurance from Dora Dunn that she was willing to have Joseph Hancock return to her household before he was placed with her in October, 1976.
The claimant bases her allegation of negligence on a "Social Summary” by Nancy Elkin, Social Service Worker II, West Virginia Department of Welfare. In the "Addendum", Nancy Elkin noted that "On Sunday, February 1, an uncle ran the children off from their home in their barefeet...." Claimant alleges that this report indicates that respondent had notice that Philip Dunn had violent tendencies, although the claimant had knowledge of threats made by Philip Dunn to her children, she never informed the West Virginia Department of Welfare.
To make an award in this case, the Court would obliged to conclude that it has been shown by a preponderance of the evidence that the respondent was guilty of negligence which proximately caused the death of Joseph Hancock. It is urged that the Court should reach that conclusion solely upon the evidence of the "Social Summary." The Court cannot agree. There was no proof submitted to the Court that respondent West Virginia Department of Welfare was aware, or that in the exercise of ordinary care should have been aware, that by placing Joseph *67 Hancock in the home of Mrs. Dunn, it was placing him in a dangerous situation. Therefore, there wa no breach of duty and no resulting negligence on the part of the respondent.
Claim disallowed.